## JOE MIXON v. THE STATE.

*No. 881.   Decided February 19th, 1896.*

**Murder—Former Jeopardy—Defective Indictment.**

It is provided in Sec. 14, Art. 1, of the Bill of Rights, that a defendant cannot be put upon trial again for the same offense, after a verdict of not guilty, in a court of

competent jurisdiction; and, it is provided, in Sub. 2, Art. 525, Code Crim. Proc., that a defendant can plead that he has been before acquitted by a jury, of the accusation against him in a court of competent jurisdiction, whether acquittal was regular or irregular. Held: Where a defendant has once been placed on trial in a court of competent jurisdiction upon an invalid indictment for murder, and convicted of manslaughter, this is a complete acquittal of the charge of murder, and the State cannot again place him on trial for murder under a new and good indictment.

APPEAL from the District Court of Hill. Tried below before Hon. J. M. HALL.

This appeal is from a conviction for murder in the second degree, the punishment being assessed at twenty-five years' imprisonment in the penitentiary.

This is a case in which the defendant, Joe Mixon, was indicted for the murder of one Ben Mooring, by indictment presented in the District Court of Hill County, Texas, on the 15th day of November, 1895.

The indictment charges the murder to have been committed on or about the 28th day of April, 1893. The case is numbered on the docket of the District Court as No. 3859.

On November 8th, 1895, defendant filed his plea of former acquittal of murder in the first and second degrees, setting up substantially that theretofore on the 14th day of October, 1893, he was duly and legally indicted by the grand jury of Hill County and charged with the same offense, to-wit: the murder of said Ben Mooring; and that on the 7th day of November, 1894, he was tried on said indictment, which was in cause No. 3574, on the District Court docket of Hill County, acquitted of murder in the first and second degrees, the jury in the said trial having found the defendant guilty of manslaughter and assessed his punishment at two years in the penitentiary, and new trial having been granted by the court, said case was nol prossed by the State. On the trial of the present case, the court, on motion of the State, struck out said plea of former acquittal.

The court overruled defendant's application for continuance, put defendant on trial, with the result that he was convicted of murder in the second degree and his punishment assessed at confinement in the penitentiary for twenty-five years.

*Thomas Ivy, Smith & Wear* and *J. D. Pitts*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for twenty-five years, and from the judgment and sentence of the lower court he prosecutes this appeal. Appellant, in the court below, when he was placed on trial, filed a plea setting up the fact that he had formerly been tried for the same offense alleged in the indictment in this case, and convicted of manslaughter, and set up what purported to be a copy of the original indictment, alleging that he could not set up an exact copy of same, as the original had been lost. The copy as set out contained all the elements of a valid indictment for murder in the first

degree, except that it did not allege with what weapon the deceased was shot. The State excepted to this plea, and asked that the same be stricken out on the ground that the said indictment was invalid, and that the defendant had never been in jeopardy, and that said plea was no bar to a prosecution for murder in the first and second degrees. The court sustained the motion, and struck out said plea, and put defendant on trial for murder in the first and second degrees, as well as manslaughter. Appellant saved his bill of exception, and now assign this action of the court as error. It has been heretofore held by this court that indictments of the character on which appellant has formerly been tried were defective indictments, and so the question here presented for our determination is whether or not, in a case in which a defendant has been tried in a court of competent jurisdiction for murder, on an invalid indictment, and has been convicted under such indictment of manslaughter, can he again be put upon trial for either murder in the first or second degree? It has been held by this court repeatedly that where an indictment includes different degrees, and a defendant is tried and convicted of a lesser degree, he stands acquitted of all higher degrees of said offense; and in such case it is not necessary that the verdict formally acquit him of such higher grades. The effect of a conviction of a minor grade is tantamount to an acquittal of all grades of the offense above that. See Code Crim. Proc., Arts. 713, 724; Jones v. State, 13 Texas, 168; Robinson v. State, 21 Tex. Crim. App., 160. The conviction in the case before us was of manslaughter. Unquestionably, if the indictment was a good and valid indictment, it acquitted him of all degrees of felonious homicide above that. See Parker v. State, 22 Tex. Crim. App., 105; Fuller v. State, 30 Tex. Crim. App, 559; Conde v. State, ante p. 98.

The proposition now before us is, the indictment in the present case being defective and invalid to the extent that a legal conviction thereunder could not be maintained, does the acquittal under such an indictment of murder in the first and second degrees bar a prosecution on a new and sufficient indictment for said offenses? Our constitution provides that "no person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." See Const. Bill of Rights, Art. 1, § 14. It will be noted that the first subdivision of said article provides against being put twice in jeopardy. This jeopardy, at common law, could only be upon a good and sufficient indictment. But the last subdivision of said article provides against being put upon trial again for the same offense, after a verdict of not guilty in a court of competent jurisdiction. The court trying this case unquestionably was a court of competent jurisdiction to try it (although this jurisdiction may not have been properly invoked), and it makes an acquittal for the same offense a bar to any subsequent prosecution therefor, regardless of the validity of the indictment. See Anderson v. State

(Tex. App.), 7 S. W. Rep., 40. But if there were any doubt as to the proper construction of this provision of the bill of rights, our statutes on the subject have set this matter at rest. Code Crim. Proc., Art. 525, provides as follows: "The only special pleas which can be heard for a defendant, are (1) that he has been before convicted legally in a court of competent jurisdiction of the same accusation, after having been tried upon the merits for the same offense; (2) that he has been before acquitted by a jury of the accusation against him, in a court of competent jurisdiction—whether the acquittal was regular or irregular." This article appears to draw a distinction between a conviction and an acquittal. The first subdivision requires that the conviction be a legal one in a court of competent jurisdiction; and the second authorizes the plea on an acquittal in a court of competent jurisdiction, whether the acquittal was regular or irregular. No one, we apprehend, would be so bold as to question that either a conviction or acquittal under a valid indictment, regular in form, would constitute a bar to further prosecution for the same offense. This was so at common law. But our constitution and statutes on the subject go further. The State furnishes and prepares of all the machinery with which to try a defendant, and our law says that when he has been once tried by a jury of his peers, and they have acquitted him, in a court of competent jurisdiction, he can never be again put upon trial for the same offense. If the prosecution has once placed a defendant upon trial, and the court is one of competent jurisdiction to try an offense of the character charged, and a jury has once rendered a verdict of not guilty as to said offense, no matter how irregular the procedure may have been, the State can never again place the defendant upon trial for that offense of which he had been acquitted. Such we understand to be the meaning of the constitution, and such the provisions of our Code of Criminal Procedure. And in this case, the appellant having once before for the same offense, been put upon trial, and the jury having on said trial rendered a verdict of manslaughter, it was, as we have seen, a complete acquittal of the charge of murder in the first and second degrees; and, no matter how defective the indictment was, the State could not again put him upon trial for said offense of which he had been previously acquitted. And in a case of this character it was immaterial whether the plea setting up this defense was in proper form or not. The former acquittal having been in the same court, it was competent for the court to take cognizance of such acquittal, under a plea of not guilty, notwithstanding a new indictment was found in said case, and the defendant put upon trial upon such new indictment. In the view we have taken of the matter, it is not necessary to discuss other assignments. For the error of the court in placing the appellant upon trial for any greater degree of homicide than manslaughter, the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*

Davidson, Judge, absent.