## C. H. SPICER V. THE STATE.

### No. 3667.    Decided October 13, 1915.

### Rehearing denied November 10, 1915.

**1.—Desertion—Wife and Child—Information.**

Where, upon trial of deserting wife and child, the information followed approved precedent, the same was sufficient.

**2.—Same—Statutes Construed.**

Section 1 of chapter 101, Acts of Thirty-third Legislature, not only makes it an offense to desert the child, but to neglect or refuse to provide for the same, and the contention that the child was born after defendant deserted his wife, was no defense.

**3.—Same—Preparation for Trial—Waiver—Two Days for Pleading.**

Where appellant contended that he was placed on trial in less than two days after the complaint and information were filed, but the record disclosed that appellant failed to call the trial court's attention to his motion to postpone, but that he had informed the county attorney that he would be ready for trial as soon as his plea of former acquittal was prepared, and that he proceeded to trial, his acts and conduct amounted to a waiver.

**4.—Same—Former Acquittal—Impossible Date—Void Information.**
        Where the information and the first complaint charged an impossible date,
.and upon which defendant was acquitted, there was no error in the court over-
ruling the plea of former acquittal based thereon.

Appeal from the County Court of Jones.    Tried below before the
Hon. J. F. Lindsey.

Appeal from a conviction of wife and child desertion; penalty, a fine
of $150 and thirty days confinement in the county jail.

The opinion states the case.

*Joe C. Randel,*. for appellant.—On question of insufficiency of com-
plaint:  Munger v. State, 122 S. W. Rep., 876; Carpenter v. State,
153 S. W. Rep., 883; State v. Burton, 157 S. W. Rep., 831; Johnson v.
State, 17 Texas Crim. App., 230.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of deserting his wife
and child.    His first contention is· that the indictment is insufficient to
charge an offense.    It is in language frequently approved by this court,
and we do not deem it necessary to discuss it further.

Another contention is that as the baby was born after he deserted
his wife, if he did do so, he can not be convicted of the offense of de-
serting his baby.    Section 1 of chapter 101, Acts of Thirty-third Legis-
lature, not only makes it an offense to desert the child, but also makes
it an offense to neglect or refuse to provide for the support and mainte-
nance of the child, if under sixteen years of age.    The information is
brought under this provision of the Code.

Appellant contends that he was placed on trial in less than two days
after the complaint and information were filed.    Under our procedure
he was entitled to two whole days to prepare for trial, unless he vol-
untarily waived the time.    The record discloses that an information
had been filed against him charging him with the commission of the
offense on November 15, 1915,—an impossible date, as that time has
not yet arrived.    When the case was called for trial he announced ready
for trial.    When the county attorney discovered his mistake, he desired
to dismiss the case.    Appellant insisted on a verdict of not guilty on
that complaint as he had announced in the case.    The court entered
a verdict of not guilty in accordance with appellant's request.    The
county attorney. at once stated he would refile, and did so, charging
the offense as of date March 20, 1915.    When appellant was rearrested
and was asked if he desired to make bond, appellant's counsel stated
it was unnecessary as he would be ready for trial as soon as he could
prepare a plea of former acquittal.    Time was given him, and when
the case was called for trial he filed a plea of former acquittal, and
also filed a motion with the clerk:  "Now comes the defendant, and
moves the court to postpone this case until Saturday, May 1st."  When
these two pleas were filed, the court asked counsel for appellant if he

desired to present them and have them ruled on at that time, when counsel replied: "I do not care whether you rule on them just now or not," and did not call the court's attention to the motion. Without further action he announced ready, and proceeded with the trial. If appellant desired the two days to prepare for trial he should have called the court's attention to his motion, had it acted on, and if the court overruled the motion and forced him to trial, took a bill of exceptions to the action of the court in so doing, and if he had taken that action it would require us to reverse the case. But instead of doing this, he informs the county attorney he will be ready for trial as soon as his plea of former acquittal is prepared. When he gets this prepared, he files with it his motion to postpone, but does not call the court's attention to it, nor have it ruled on then. He announces ready for trial, and proceeds with the trial, and not until after the verdict is rendered does he complain. His acts and conduct amount to a waiver in law.

The only other contention is that the court erred in not sustaining his plea of former acquittal. The information in the first complaint, charging an impossible date, a conviction could not have been had under it, or if secured would have been a nullity. The information and complaint being void, the court did not err in overruling the plea.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 10, 1915.—Reporter.]