JONES v. CHRONISTER LUMBER CO.
(No. 1997.)

(Court of Civil Appeals of Texas. Texarkana. June 20, 1918. Rehearing Denied June 29, 1918.)

1. GUARDIAN AND WARD ⬳127—ACTIONS—NEXT FRIEND—RIGHT OF GUARDIAN.
While a minor's guardian may, under Rev. Civ. St. art. 2168, represent the ward in all suits filed after his appointment, he has no absolute right to displace the next friend in a case originating prior thereto.

2. GUARDIAN AND WARD ⬳127—ACTION—NEXT FRIEND—SUBSTITUTION OF GUARDIAN.
Guardian's allegations that ward was injured while employed in violation of law, and that his father, as next friend, made insufficient and inadequate settlement through ignorance, but that no final judgment was entered, made in an unsworn petition, were insufficient to require the court to substitute the guardian for the father as next friend.

3. EVIDENCE ⬳43(2) — JUDICIAL NOTICE — JUDGMENTS.
On petition in pending suit under allegation that no final judgment had been entered, the court may take judicial notice of the character of the judgment previously made.

4. INFANTS ⬳110—JUDGMENT—VACATING.
A final judgment, in an action by a guardian ad litem, can be attacked by the infant's guardian, only for fraud, accident, or mistake in an independent proceeding instituted for that purpose.

5. APPEAL AND ERROR ⬳708—SCOPE OF REVIEW—SUFFICIENCY OF RECORD.
Assignments of error, questioning court's ruling as to whether a judgment was final, cannot be considered, when the original judgment or the pleadings on which it is based are not in the record.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by Joe Wilson Jones, by his guardian, Lona Ella Mullins, against the Chronister Lumber Company. Judgment dismissing the petition, and plaintiff appeals. Affirmed, with qualification that dismissal be without prejudice.

David E. O'Fiel, of Beaumont, and Jno. B. Guinn and A. T. Watts, both of Rusk, for appellant. Norman, Shook & Gibson, of Rusk, and Blount & Strong, of Nacogdoches, for appellee.

HODGES, J. This appeal is from a judgment sustaining a motion to dismiss what is called an amended original petition by Lona Ella Mullins, guardian of Joe Wilson Jones, Jr., a minor. It was filed July 30, 1917, in a case styled Joe Wilson Jones, by His Next Friend, Joe Jones, v. Chronister Lumber Company, No. 6750 on the docket of the district court of Cherokee county. The petition begins as follows:

"Now comes Joe Wilson Jones, minor, suing herein by his guardian, Lona Ella Mullins, complaining of and against the Chronister Lumber Company, hereinafter styled defendant, and, leave of the court being first obtained, files this his first amended original petition in lieu of and as a substitute for all other pleadings filed by him herein; and for cause of action the plaintiff with respect thereto represents unto the court as follows, to wit," etc.

The petition then recites the appointment of Lona Ella Mullins as the guardian of the minor in October, 1916, and alleges that this proceeding is for the purpose of setting aside a judgment previously rendered against the minor in this cause. Then follow at considerable length averments showing that in February, 1916, the minor plaintiff, when between 12 and 13 years of age, was injured while in the service of the Chronister Lumber Company, under circumstances which would support a claim for damages. It is averred that he was employed in violation of the law to work in close proximity to dangerous machinery, and the accident of which he complains resulted in the loss of one leg and one arm. The petition further alleges that at the February term, 1916, of the district court of Cherokee county a judgment was rendered, based upon a compromise and settlement, in which the minor plaintiff was awarded the sum of $1,000 as damages for his injuries; that this settlement was "insufficient and inadequate," considering the nature of the plaintiff's injuries; that Joe Jones, the father of the plaintiff, who instituted the suit a short time before as the next friend of the plaintiff, was an ignorant, uneducated negro, and was prevailed upon by the representatives of the Chronister Lumber Company, who were well-educated white men, to make this inadequate settlement. It further appears from the petition that the suit by Joe Jones was instituted within a few days after the injuries were received; that the agreement was entered into and a judgment rendered without any contested trial. It is alleged, however, that this judgment was not final, in that it did not dispose of all the issues involved in the case. The Chronister Lumber Company, defendant in the original suit, appeared and filed a motion to dismiss the petition for the following reasons: (1) If the petition be considered an attempt to file a motion for a new trial, it

came too late; (2) if it was an attempt to set aside a judgment, then it was improperly filed in a cause disposed of, and such relief can be obtained only in a separate and independent suit; (3) because the petition was not sworn to; (4) because it shows upon its face that it was filed in the suit long after final judgment was rendered, and without authority of law. Defendant also filed exceptions, general and special, a general denial, and special answers not necessary to notice. The court sustained the motion and dismissed the amended original petition, and this appeal followed.

[1-3] The assignments of error urged in this court attack the ruling of the court as holding that there was no final judgment rendered in the original suit. The record does not advise us as to the ground upon which the court based its order of dismissal. We have had some difficulty in determining just how this petition should be regarded. If it is to be treated as an application in a pending suit by the duly appointed guardian of the minor appellant, to be substituted for Joe Jones, the father, who was suing as next friend, for the purpose of prosecuting that suit to a final judgment, we cannot say that the court erred in sustaining the motion to dismiss. If, as alleged in the petition and insisted upon in the argument of the appellant, there had been no final judgment entered upon the compromise agreement, the controversy is still pending, and the court has the right to still inquire into the terms of the settlement, and, if found to be against the interest of the minor, to reject the compromise and to remove Joe Jones as a party to the suit and appoint a guardian or some suitable person to represent the minor. Article 2168, Rev. Civ. Stat.; Martin v. Weyman, 26 Tex. 466. While the guardian of a minor has the right, under the statute, to represent his ward in all suits filed after appointment, he has no absolute right to displace one who is suing as next friend in a case that originated prior to such appointment. The propriety of appointing a new representative of the minor in a pending controversy rests within the discretion of the court, and we cannot say that the averments of the alleged guardian in an unsworn petition like this were sufficient to require the court to make the change. It may be that the court heard evidence upon the motion to strike out the petition, and acted upon it, or he may have concluded that the judgment rendered in the cause was final, and that a pleading of this character could not be entertained. He had a right to take judicial notice in this instance of the character of the judgment or order that had previously been made in the case. Avocato v. Dell'Ara, 84 S. W. 444; Mixon v. State, 35 Tex. Cr. R. 458, 34 S. W. 290; Parker v. Panhandle Na-

tional Bank, 35 S. W. 31; 7 Ency. of Ev. p. 1004 and notes.

[4, 5] If the judgment was final, it could be attacked only for fraud, accident, or mistake in an independent proceeding instituted for that purpose. The record filed in this court does not contain the original judgment or the pleadings upon which it was based, and we are unable to pass upon the questions presented in the assignments of error. It may be true that facts existed which would authorize the trial court to set aside the judgment, if final, upon some appropriate ground; but that is not the case presented in this petition.

While we feel it our duty to affirm the judgment, we do so with the proviso that it shall not prejudice the right of the minor plaintiff through his guardian to institute a suit attacking the former judgment in proper form. With that qualification the judgment is affirmed.