STATE OF NEW JERSEY, ON COMPLAINT OF VIOLET BRUNEEL, COMPLAINANT-RESPONDENT, v. ROBERT BRUNEEL, DEFENDANT-APPELLANT.

Argued November 9, 1953—Decided December 7, 1953.

*Mr. Samuel S. Black* argued the cause for appellant.

*Mr. Paul T. Huckin* argued the cause for respondent (*Mr. Harry L. Towe*, Deputy Attorney-General of New Jersey, attorney).

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J. The defendant husband appeals from an order of the Bergen County Juvenile and

Domestic Relations Court adjudging him guilty "as charged" under his wife's complaint that he "willfully refuses and neglects to support" her and their minor child "contrary to the provisions of Title 2A, Chapter 100–2." While the appeal was before the Appellate Division we ordered certification on our own motion.

Under *N. J. S.* 2*A* :100–2, which originated in *L.* 1917, *c.* 61, *p.* 110, New Jersey's version of the Uniform Desertion and Nonsupport Act, 10 *U. L. A.*,

"Any husband who deserts or willfully neglects or refuses to provide for the support and maintenance of his wife, in destitute or necessitous circumstances, or a parent who deserts or willfully neglects or refuses to provide for the support and maintenance of his or her minor child or children, in destitute or necessitous circumstances, is guilty of a misdemeanor."

Upon conviction sentence, under the predecessor statute, *R. S.* 2 :121–2, was limited to a fine not exceeding $500 or imprisonment not exceeding one year, or both. These limitations were deleted when the present statute was enacted as part of the legislative revision of *Title* 2, *L.* 1951, *c.* 344, *First Spec. Sess.* The convicted accused may now be fined up to $1,000 and imprisoned up to three years under *N. J. S.* 2*A* :85–7 applicable to misdemeanors "for which no punishment is specifically provided," except that under *N. J. S.* 2*A* :100–4 (as was also true under the former law, *R. S.* 2 :121–4) the court, "instead of imposing the penalty provided for by section 2*A* :100–2," "or in addition thereto," "having regard to the circumstances and to the financial ability or earning capacity of the defendant, may make an order, which shall be subject to change by the court from time to time as circumstances may require, directing the defendant to pay a sum certain periodically to the wife, or to the guardian or custodian of the minor child or children, or to an organization or individual approved by the court as trustee," and the court "may release the defendant from custody on probation, upon his or her entering into a recognizance, with or without surety, in such sum as the court may order and approve."

The first question argued is whether the Juvenile and Domestic Relations court has jurisdiction to hear and determine complaints of alleged violations of *N. J. S. 2A*:100–2. That court is vested with jurisdiction by *N. J. S. 2A*:4–18 to hear and determine "in a summary manner" disputes and complaints specified in *subparagraphs* (*a*) to (*f*) of *N. J. S. 2A*:4–18, including, under *subparagraph* (*c*), disputes and complaints

"Involving violations of subtitle 12 (disorderly persons law) of this title (§ 2A:169–1 et seq.), and chapter 1 of Title 44, Poor (§ 44:1–1 et seq.), chapter 6 and chapter 17 of Title 9, Children (§ 9:6–1 et seq., and § 9:17–1 et seq.), and article 4 of chapter 5 of Title 30, Institutions and Agencies (§ 30:5–33 et seq.), of the Revised Statutes, *together with any other laws or future enactments covering similar complaints or offenses, where the gravamen of the complaint under such laws or enactments is the failure or neglect of 1 member of the family to satisfy or discharge his legal obligations to another member of the family.*"

*N. J. S. 2A*:100–2 not being one of the specified statutes, the question is whether it is a law embraced within the emphasized clause. That it is a law the "gravamen of the complaint under" which "is the failure or neglect of one member of the family to satisfy or discharge his legal obligations to another member of the family" is clear. The denounced offense does not require the concurrence of desertion and nonsupport. The crime is committed if the accused deserts the dependent, in destitute or necessitous circumstances, or, without regard to desertion, if the accused willfully neglects or refuses to provide for the support and maintenance of the dependent, in destitute or necessitous circumstances. *O'Brien v. State*, 90 *Tex. Cr. R.* 276, 234 *S. W.* 668 (*Ct. Cr. App.* 1921); *Spicer v. State*, 78 *Tex. Cr. R.* 57, 179 *S. W.* 712 (*Ct. Cr. App.* 1915). The husband argues, however, that only laws under which an ingredient is desertion of the dependent in the sense of leaving the dependent without means of support and therefore likely to become a public charge fall within the emphasized clause, citing *Van Keegan v. Juvenile, &c., Court*, 132 *N. J. L.* 21 (*Sup. Ct.* 1944), *Boger v. Zimmerman*, 132 *N. J. L.* 282

(*Sup. Ct.* 1944), and *Warner v. Gloucester County Ct. of Domestic Relations*, 131 *N. J. L.* 455 (*Sup. Ct.* 1944). But this argument overlooks the changes made by *L.* 1946, *p.* 268, and *L.* 1950, *p.* 1117, amending *R. S.* 9 :18–14, the source of *N. J. S.* 2A :4–18, which introduced the italicised language in substitution for the earlier wording construed in the cited decisions, namely, "where the gravamen of the complaint is the failure to provide support or adequate support, or desertion," and substantially enlarged the jurisdiction of the Juvenile and Domestic Relations Courts. *Lasasso v. Lasasso*, 1 *N. J.* 324 (1949) ; *Bonanno v. Bonanno*, 4 *N. J.* 268 (1950).

■ The husband next argues "that nowhere in the statute setting up the jurisdiction of the Juvenile [and Domestic Relations] Court is there any authority given it to try any criminal matters of an indictable nature and any trial of same is a nullity." We understand the point to be that only offenses which may be heard and determined "in a summary manner" are within the jurisdiction conferred by *N. J. S.* 2A :4–18. The argument is not answered by reference to the fact that this defendant executed a written waiver of indictment and trial by jury and a consent to be tried in the Juvenile and Domestic Relations Court. That court is a statutory tribunal with jurisdiction strictly limited to the subject matter set forth by statute, and jurisdiction cannot be conferred by consent. *In re Daniecki*, 117 *N. J. Eq.* 527 (*Ch.* 1935), affirmed 119 *N. J. Eq.* 359 (*E. & A.* 1936). Nor is it answered by *N. J. S.* 2A :4–35 authorizing a jury trial in an adult case, if demanded by the accused, since that section applies only if the adult "is entitled to a jury trial" for the offense charged. If *N. J. S.* 2A :4–18, to the extent that it authorizes the hearing and determination of criminal offenses in adult cases "in a summary manner," is to be given the effect of confining the jurisdiction of the Juvenile and Domestic Relations Court to such adult offenses as may be prosecuted without indictment and trial by jury, we are met with the question whether the accused is protected under *Article* I, *pars.* 8, 9 and 10 of the *Constitu-*

*tion of* 1947 against prosecution for the instant offense except by indictment and trial by jury. See *State v. Maier,* 13 *N. J.* 235 (1953). The affirmative of that proposition may be difficult to sustain. The primary purpose of the statute is coercion of provision of support of wives and minor children, in destitute or necessitous circumstances, by him upon whom the law places the burden of their support, when he, being able to provide, deserts them or willfully neglects or refuses to support them. *Cf. State v. Chaffman,* 15 *N. J. Super.* 492 (*App. Div.* 1951). The subject matter is of the nature originally cognizable by ecclesiastical courts. Our Chancery Court was first vested with jurisdiction to award support by *L.* 1818, *p.* 20; and "as early as 1799, justices of the peace were given a summary jurisdiction in cases where a husband defaulted in the performance of the obligation to support his family." *Frank v. Juvenile, &c., Court of Essex County,* 137 *N. J. L.* 364, 365–6 (*Sup. Ct.* 1948).

These considerations suggest that the offense is such only by statutory enactment and thus that it is punishable by a penalty without indictment. *Cf. State v. Goldberg,* 124 *N. J. L.* 272 (*Sup. Ct.* 1940), affirmed *per curiam* 125 *N. J. L.* 501 (*E. & A.* 1940). True, upon summary conviction the authorized punishment is as severe as that prescribed for misdemeanors which may be prosecuted only by indictment and trial by jury. This is in contrast to the situations in *State v. Anderson,* 40 *N. J. L.* 224 (*Sup. Ct.* 1878), *Meyer v. State,* 41 *N. J. L.* 6 (*Sup. Ct.* 1879), affirmed 42 *N. J. L.* 145 (*E. & A.* 1880), and *State v. Goldberg, supra.* And note the less severe punishment prescribed for other offenses triable in a summary manner, for example, for disorderly persons offenses generally, *N. J. S.* 2*A*:169–4, and for the disorderly person offense of willfully deserting a dependent, denounced by the Poor Act, *R. S.* 44:1–147, for which punishment is limited to confinement not exceeding 60 days in the workhouse or county jail.

We have no way of knowing whether, in revising the Desertion and Nonsupport Act as part of the comprehensive

revision of Title 2 to delete therefrom matter of practice and procedure, the Legislature actually contemplated the drastically more severe penalty accomplished by the changes made in *N. J. S.* 2*A*:100–2. We can only note that such has been the effect, although at the same time the provision for summary trial in the Juvenile and Domestic Relations Court was carried forward into *N. J. S.* 2*A*:4–18(*c*).

But whether the increased punishment is to be taken as evincing a legislative intent that the offense shall now be prosecuted only upon indictment and jury trial, or whether in any event the constitutional guaranties extend to the offense, are questions which need not be, and are not, decided in this case.

 If the offense is wholly statutory, the wife's complaint was in all events insufficient to invoke the jurisdiction of the Juvenile and Domestic Relations Court. The complaint does not contain an allegation of the essential ingredient of the offense that the wife and the child were "in destitute or necessitous circumstances," which is one of the "averments necessary under the act," *State v. Garris,* 98 *N. J. L.* 608 (*Sup. Ct.* 1923), to give statutory tribunal jurisdiction to hear and determine the complaint. See *Boger v. Zimmerman, supra.* The complaint serves the office of an indictment or accusation, and, like the indictment or accusation, *Rule* 2:4–11 (now *R. R.* 3:4–3), must contain "a written statement of the essential facts constituting the offense charged," *Rule* 6:4–1 (now *R. R.* 6:4–1(*a*)). The ordinary rule is, of course, to follow the language of the statute in an indictment for a statutory crime. *State v. Caporale,* 85 *N. J. L.* 495 (*Sup. Ct.* 1914). "The primary purpose of an indictment is to inform the defendant of the nature of the offense charged against him, so that he may adequately prepare his defense, while a second function is to serve as a shield from another indictment for the same offense." *State v. Lefante,* 12 *N. J.* 505, 509 (1953); and whether it is requisite that a particular statutory element be alleged is determined in the light of that purpose. The distinction is illustrated by our holding in the *Lefante* case.

We there held that the omission of an allegation that the 53-year-old accused indicted under *R. S.* 2:163–1 for carnal abuse was 16 years of age or over was not fatal to the indictment ("He knows his own age better than any one else and so he does not need proof on the subject."), whereas an averment as to the age of the girl was absolutely essential so that the accused "will know what crime he is charged with." So here, the accused is not guilty of the crime denounced by *N. J. S.* 2A:100–2 unless he deserts or willfully neglects or refuses to provide for the support and maintenance of his wife and minor child, they being "in destitute or necessitous circumstances." A complaint which lacks that essential allegation does not inform him of the offense with which he is charged, nor can it "serve as a shield from another indictment for the same offense." This is the conclusion reached by the courts of other states in passing upon the Uniform Desertion and Nonsupport Act, 10 *U. L. A.* 45–49. The court below was therefore without jurisdiction to hear and determine the complaint.

In passing we will comment upon the question, argued in the briefs, whether the proofs sufficed to support a finding that the wife and child were in destitute or necessitous circumstances. The parties were living in the house of the husband's father, but in separate quarters. The defendant had been laid off by his last employer and had not worked for several months. In that period he had contributed to the support of his wife and child only $10, from an unemployment compensation check. The wife was forced to and did obtain work and was earning about $43 per week at the time of the trial.

It is contended that the wife did not prove destitute or necessitous circumstances in the sense contemplated by the statute—this upon the claim that inasmuch as her father-in-law was providing a home and "the wife was possessed of an income of $43.19 a week and managed to live on it, it certainly cannot be said that she or the child were 'in destitute or necessitous circumstances.'" While there is some support for this position in the case law of other states which have

interpreted the statute, see 10 *U. L. A.* 24–31, we prefer, and adopt, the interpretation of a Delaware court in *State v. Weldin*, 8 *W. W. Harr.* 158, 189 *A.* 586, 587 (*Ct. Gen. Sess.* 1937), which, apparently drawing upon language of our former Court of Errors and Appeals in *Streitwolf v. Streitwolf*, 58 *N. J. Eq.* 570 (1899), a support-maintenance suit, said:

"Now these words do not mean that a deserted wife must be in dire poverty or distressful want. The criterion is not mere physical necessity, but social and moral propriety, having regard to the situation of the parties and to the fitness of things. Nor does it excuse a husband because the necessities or proper expenses of the wife are supplied by charity or sympathetic relatives or friends, so that she may not in fact be in destitute or necessitous circumstances. The charity may cease, sympathy may be forfeited or withdrawn, and the need of the support still exist. * * *

The essence of the act is that a man shall not be allowed to shift the burden of supporting his wife * * * upon others under no obligation to bear it. * * * Therefore, whenever a husband, without just cause, neglects or refuses to provide for the support and maintenance of his wife and thereby places her in such a situation that she stands in need of the necessaries of life, it is not material that they are supplied by her own labor or by sympathizing relatives, friends or strangers, so that she does not in fact suffer from privation. He is guilty if he leaves her in such circumstances that, without her own efforts or outside help, she would lack the necessaries of life."

■ One other aspect of the case requires comment. We have the regrettable impression from reading the record that this defendant was not afforded the fundamentals of fair play and a fair trial consonant with the rights which should be secured to the criminally accused. The defendant was without counsel when he appeared on the date appointed for the hearing. He was entitled under *Rule* 6:5–1(c) (now *R. R.* 6:3–4) to be informed "of his right to retain counsel, and to have a reasonable time in which to prepare his defense." The court advised him, "You are entitled to a preliminary hearing, you are entitled to have the matter presented to the grand jury, you are entitled to a trial by jury. If an indictment is brought in, you are entitled to an attorney. You can waive those rights if you care to, and I

can proceed at once." The court's advice that the accused's right to counsel was limited to the time after indictment was, of course, inaccurate, even as to an accused entitled as of right to prosecution upon indictment and to a trial by jury. *Cf. Rule* 2:3–3, now *R. R.* 3:2–3(*b*). But the advice to this defendant was at all events notably incomplete in its omission of any reference to the accused's right to counsel and time to prepare a defense if he waived, as he did, indictment and trial by jury and consented to summary trial in the Juvenile and Domestic Relations Court. The omission, in the circumstances, was prejudicial to the rights of the accused. The defendant could not be compelled to testify against himself. Competent counsel would not have let pass unchallenged the irregular action of the trial judge in requiring defendant, uninformed of his right to refuse to testify, to be sworn and to submit to the court's interrogation and to cross-examination by the wife's attorney, thus providing the evidence which supports the inference of his ability to support and maintain his wife and child.

The judgment of conviction is set aside, and the cause is remanded to the Bergen County Juvenile and Domestic Relations Court with direction to enter an order dismissing the complaint.

*For reversal*—Chief Justice VANDERBILT and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.