Essie D. THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47560.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

Tom H. Beard, Court-appointed, Hillsboro, for appellant.

Frank B. McGregor, Dist. Atty., Hillsboro, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

Appellant was tried before a jury for the offense of assault to murder with malice. The punishment, assessed by the jury, was three years, probated.

On November 7, 1973, this Court by Per Curiam Opinion abated this appeal for further proceedings in accordance with Art. 40.09, V.A.C.C.P. Again by Per Curiam Opinion dated February 13, 1974, this Court stated:

"The appeal is once again abated, and we hereby instruct the trial court to take the necessary steps under Art. 40.09, V.A.C.C.P., to see that appellant's right to an appeal is preserved, and a brief filed on his behalf."

Appellant's brief was filed in the trial court on March 14, 1975 and the State's brief was filed on April 2, 1975. The briefs were received by this Court on August 20, 1975. The instructions of this Court's prior Per Curiam Opinions having been carried out, the appeal is reinstated.

The sufficiency of the evidence is not challenged.

Appellant's sole ground of error is that the trial court erred in failing to sustain the defendant's plea of former acquittal.

The appellant was brought to trial on an indictment returned on the 12th of February, 1971. Trial was had on April 20, 1971, before a jury, and the appellant was acquit-

ted. It must be noted that at the April 20, 1971 proceeding the appellant's defense counsel objected to the indictment, pointing out that the indictment dated February 12, 1971 alleged that the offense was committed on December 31, *1971,* an impossible date. The trial court without the introduction of any evidence instructed the jury to acquit the appellant.

Appellant was again indicted on July 30, 1971 for the same offense which actually took place on December 31, *1970.* On February 27, 1973, a pre-trial hearing was held on appellant's plea of former acquittal. The trial court overruled the plea of former acquittal.

Appellant contends that his second prosecution is barred by Art. 1, Sec. 14 of this State's Constitution, and Art. 1.11 of the Code of Criminal Procedure, which read as follows:

"Sec. 14. No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." Vernon's Ann. Tex.Const., Art. 1, Sec. 14.

"An acquittal of the defendant exempts him from a second trial or second prosecution for the same offense, however irregular the proceedings may have been; but if the defendant shall have been acquitted upon a trial in a court having no jurisdiction of the offense, he may be prosecuted again in a court having jurisdiction." Art. 1.11, V.A.C.C.P.

Appellant relies primarily on the case of *Mixon v. State,* 35 Tex.Cr.R. 458, 34 S.W. 290. In *Mixon,* the appellant had been indicted for murder, tried and found guilty of manslaughter. He appealed and this Court held that the indictment was defective and reversed the case. Mixon was then reindicted for murder, tried, over his plea of prior acquittal of murder and second degree murder. On appeal from his second conviction this Court held that his plea of prior acquittal was proper. Since the jury in his first trial had acquitted him of the higher offenses by the finding of manslaughter, he could after reversal of the manslaughter conviction only be reindicted for manslaughter. The Court stated, referring to his first trial:

"The court trying this case unquestionably was a court of competent jurisdiction to try it (although this jurisdiction may not have been properly invoked), and it makes an acquittal for the same offense a bar to any subsequent prosecution thereof, regardless of the validity of the indictment."

■ The *Mixon* case is still the law today, applied to its own facts, where the jurisdiction of the court is properly invoked and an actual trial on the merits takes place and the jury reaches a verdict based on the evidence presented.

■ The facts of this appeal are not the same as in the *Mixon* case and that rule does not apply. As far as the record indicates there was no trial on the merits in the proceeding of April 20, 1971. The record indicates that the appellant was arraigned, the jury selected and sworn, at which point the appellant's counsel called the attention of the court to the defective indictment. The trial court realized that no conviction was possible on the indictment and instructed the jury to return a verdict of acquittal.[1] No evidence of the appellant's guilt or innocence was presented to the jury; since the indictment alleged an impossible date, the jurisdiction of the court was not even properly invoked.

The general rule in the United States is that "an acquittal on an indictment so defective that, . . . it would not have supported a conviction or sentence . . . (is) . . . insufficient to support a plea of former acquittal." 22 C.J.S. Criminal Law § 246; *accord,* 21 Am.Jur.2d, Criminal

---

1. The court could have and should have treated this as a motion to quash and should have dismissed rather than instructing a verdict of acquittal.

Law, Sec. 172; 16 Tex.Jur.2d Criminal Law, Sec. 121.

In 1885, the predecessor of this Court held that when an indictment is so defective that the defendant, if found guilty, would be entitled to have any judgment against him reversed, he had not been put in jeopardy, and if he was acquitted he could be tried again on a new and valid indictment. *Grisham v. State,* 19 Tex.App. 504 (1885).

In 1901 this Court held that where the indictment was void because the grand jury was improperly constituted the jurisdiction of the trial court did not attach and that the appellant had not been placed in jeopardy by his first trial. *Ogle v. State,* 43 Tex.Cr.R. 219, 63 S.W. 1009. Just ten years later this Court again held "jeopardy will not attach unless there is a valid bill of indictment." *Shoemaker v. State,* 58 Tex. Cr.R. 518, 126 S.W. 887. As recently as 1963, this Court stated that "[j]eopardy will attach only upon a good and sufficient accusatory pleading. Jurisdiction of the court trying the prior cause is an essential prerequisite where jeopardy is pleaded." *McAfee v. State,* 363 S.W.2d 941 (Tex.Cr.App.1963).

The fact that appellant's first trial ended with an instructed verdict of acquittal rather than a dismissal is not determinative of his plea. In *Smotherman v. State,* 415 S.W.2d 430 (Tex.Cr.App.1967) this Court held that an instructed verdict of acquittal resulting from a defective information did not bar a retrial on a new information.

The case of *Johnson v. State,* 73 Tex. Cr.R. 133, 164 S.W. 833, provides an especially clear interpretation of Art. 1, Sec. 14 of our Constitution. In that case this Court stated:

"Our courts have been very liberal in construing this article of the Constitution. In many jurisdictions it is held that this plea is not a good plea until the verdict has been rendered by the jury, but our court, when this question first came before it, held to the more liberal interpretation that, when a person is arraigned in a court of competent jurisdiction *upon a valid indictment or information,* a jury impaneled and sworn, and a valid plea entered, jeopardy attaches." (Emphasis added)

The case of *Spicer v. State,* 78 Tex.Cr.R. 57, 179 S.W. 712, cited by the State is squarely contrary to the appellant's position. In *Spicer* the first complaint alleged an impossible date and the defendant was acquitted and a new complaint was filed and the defendant brought to trial, over his plea of prior acquittal. This Court held that since a conviction under the first complaint would have been nullity there was no prior acquittal for purposes of Art. 1, Sec. 14, of the Constitution or what is now Art. 1.11 of the Code of Criminal Procedure. Cf. *Ward v. State,* 520 S.W.2d 395 (Tex.Cr.App. 1975); *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425.

The appellant in this case does not raise the issue of double jeopardy under the United States Constitution. We note, however, the case of *Duncan v. Tennessee,* 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86, which appears to be in point. In *Duncan v. Tennessee,* the United States Supreme Court granted certiorari to consider the petitioner's claim that his rights under the double jeopardy clause had been violated by his reindictment and trial after a directed verdict of acquittal. The acquittal was entered because the indictment, under Tennessee law, was defective in that it alleged the offense was committed with a pistol instead of a rifle. The Supreme Court held that since the questions raised by the petitioner were so interrelated with Tennessee's rules of criminal pleading, the constitutionality of which had not been challenged, the writ was dismissed as having been improvidently granted. Justice Brennan, joined by Justices Douglas and Marshall, dissented, contending that although the procedure was correct under Tennessee law it was improper under the double jeopardy clause.

Since the indictment under which the appellant was first tried was fatally defective in that it alleged an impossible date, an

acquittal instructed by the trial court does not bar a second prosecution on a new and valid indictment.

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.