CHARLES B. HATCH

*v.*

CLARA MAE HATCH.

[Submitted February 24th, 1914.　Determined February 26th, 1914.]

In a suit for divorce on the ground of desertion, where the parties have been separated for over two years, and during that entire period the husband has been a resident of this state in the very place where the separation occurred, no suit has been commenced by the wife asking for his support, and no new need or changed condition of the wife is shown to have arisen, alimony *pendente lite* should not be granted, in the absence of a reasonably clear showing that the husband has in fact been the deserter, or unless some satisfactory reason is given for the failure of the wife to earlier seek the relief to which she would have been entitled had her husband in fact been the deserting party.

————

On petition for divorce. Hearing on petition of defendant for alimony *pendente lite*.

*Mr. David O. Watkins,* for the petitioner and cross-defendant.

*Mr. William Harris,* for the defendant and cross-petitioner.

LEAMING, V. C.

Both parties seek a divorce; both allege desertion for two years last past. The only difference in the present mutual desires of the parties is that one wants a divorce with and the other without alimony. The affidavits filed by the respective parties demonstrate nothing. Every material averment made by either is denied by the other; they even disagree as to whether, during a specific period within the two years of alleged desertion, they engaged in sexual intercourse. It is clearly impossible to ascertain the truth from these affidavits.

The obligation of a husband to support his wife may be said to presumptively continue as long as the marital relation continues. But where, as here, the parties have been separated for over two years, and during that entire period the husband has been a resident of this state in the very place where the separation occurred, and no suit has been during that period filed by the wife asking for his support, and no new need or changed condition of the wife is shown to have arisen, I am convinced that an order for alimony *pendente lite* should not be made in the absence of a reasonably clear showing that the husband has in fact been the deserter, or some satisfactory reason given for the failure of the wife to earlier seek the relief to which she would have been entitled had her husband in fact been the deserting party.

A final hearing can be had at an early date and the truth can be then more accurately ascertained; if then found just the order for alimony can be made to run from this date; but on the present record. I am unwilling to advise an order for alimony *pendente lite.* A counsel fee has already been awarded the wife.