64 N.J. Super. 417 (1960)
166 A.2d 397
LORAYNE M. AMADEO, PLAINTIFF-RESPONDENT,
v.
PAUL AMADEO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1960.
Decided December 15, 1960.
*419 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Irving I. Jacobs argued the cause for appellant.
Mr. Carl Valore, Jr. argued the cause for respondent.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant husband appeals from a support order entered in the Juvenile and Domestic Relations Court. The complaint charged defendant with willfully refusing or neglecting to provide sufficient support for his *420 family, described as consisting of plaintiff and the two minor children of the marriage. The usual language  that defendant abandoned and deserted the family  had been stricken from the complaint before filing.
The matter was opened to the Juvenile and Domestic Relations Court judge by the probation officer, who said that defendant had left his wife in July 1958 and had voluntarily undertaken, in March 1959, to pay her $75 a week as long as he was granted reasonable visitation. He reduced his payments to $45 a week in June 1960. An extended colloquy between court and counsel followed, in the course of which defendant's attorney stated that his client conducted two tavern businesses, was self-employed, and earned about $5,000 a year net. Payments had been reduced to $45 a week after plaintiff had objected to a renewal of defendant's liquor license and had reported him to the Internal Revenue Bureau. Plaintiff's attorney indicated that although there were two children by the marriage, plaintiff had a child by a prior marriage whom defendant had undertaken to support, and for whom he claimed income tax deduction. Further, that plaintiff lived in a home owned by defendant and that he took care of mortgage payments, taxes and insurance, as well as all utility and maintenance charges above $25 a month. The colloquy further developed the fact that there was an action pending in the Chancery Division wherein plaintiff sought an accounting based on a claim that she owned half of defendant's business.
Plaintiff offered no proofs as to her needs and those of the three children, nor was any testimony taken as to defendant's means. The only proofs made were those at the instance of defendant's counsel when he called plaintiff as a witness. Through her he established that defendant had been paying her $75 a week until June 1960, when the amount was reduced to $45, and that she was employed during the summer and earned some $35 a week as a waitress.
The court thereupon entered an order directing defendant to pay plaintiff $60 a week from July 15, 1960 to September 9, *421 1960, at which time he was to pay her $75 a week until she again became employed. The court also ordered that custody of the three children remain with plaintiff, subject to defendant's weekly right of visitation; that plaintiff continue to reside in the home she then occupied; and that defendant continue to make the mortgage, tax and insurance payments.
In appealing from that part of the order relating to weekly support payments defendant contends that (1) the trial court was without jurisdiction to award support since the complaint failed to charge abandonment or desertion, and there was no evidence from which abandonment or desertion could be inferred; (2) he was not guilty of willfully abandoning his family since he was voluntarily providing $45 a week plus housing; (3) there was no proof that the voluntary provisions made by him were insufficient, absent proof of greater need; (4) he was erroneously required to pay for the support of a child admittedly not his own; and (5) the support award was excessive.

I.
N.J.S. 2A:4-18 and R.R. 6:5-1(a) permit a Juvenile and Domestic Relations Court to hear a cause like the present one in a summary manner. This is what occurred below. R.R. 6:5-1(d) enjoins the court to make a general finding and, in addition and upon request, to find the facts specially. The record indicates only a general finding and no request for special findings. However, R.R. 6:3-11(b) provides that whenever an appeal is taken from a decision of the Juvenile and Domestic Relations Court, "the judge shall file a statement setting forth the reasons for his determination." R.R. 1:2-8(a) requires that a copy of the notice of appeal be served on the trial judge and on respondent's attorney. Further, when an appeal is taken from a Juvenile and Domestic Relations Court, a copy of the notice must also be served on the county counsel. R.R. 1:2-8(d). The *422 notice of appeal in the present case indicates that respondent's attorney and the county solicitor were served, and we have been informed that notice was also served on the trial judge. This being so, R.R. 6:3-11(b) became operative. The failure of the trial judge to file the required statement leaves us without any indication of the reasons which led him to make the award here under review.

II.
The Juvenile and Domestic Relations Court is a statutory court whose jurisdiction is strictly limited to the subject matter set forth in the statute, and such jurisdiction cannot be enlarged by consent. State on Complaint of Bruneel v. Bruneel, 14 N.J. 53, 58 (1953); Mattox v. Mattox, 43 N.J. Super. 111, 115 (App. Div. 1956); cf. Caravella v. Caravella, 36 N.J. Super. 447 (App. Div. 1955). N.J.S. 2A:4-18(e) provides, in part, that the court shall have jurisdiction to hear and determine in a summary manner disputes and complaints
"e. Involving the domestic relation, where a husband or father deserts his wife or child even though they continue to live in the same household, in which case the court may order adequate support of his wife, child or family." (Italics ours.)
A willful failure to provide adequate support for one's wife or children constitutes such a desertion within the meaning of the statute as to confer jurisdiction. Mattox v. Mattox, above, at page 117. Of course, if plaintiff had left her husband without justifiable cause, his failure to support her could not be considered a desertion on his part and jurisdiction would not lie. Likewise, if the parties separated by mutual consent, jurisdiction to award support for the wife would not lie. Caravella v. Caravella, above. But the obligation to give adequate support for the children continues as an obligation of the father, whether he be the deserter, or his wife, or the separation be consensual.
*423 The record does not indicate the cause of separation. There is nothing from which it can be inferred that plaintiff left defendant without justifiable cause or pursuant to a mutual arrangement, or that it was defendant who left his wife. All we have in the very informal record before us is a single statement made in the course of defense counsel's questioning of the wife:
"MR. JACOBS: Let me ask one further question. You would like to have Paul [defendant] home, wouldn't you?
THE WITNESS: No."
This exchange is not enlightening on the question of desertion. Nor is the complaint, which alleges no more than a willful failure to provide adequate support.
The trial court surely had jurisdiction insofar as support of the children was concerned and, depending on the proofs, perhaps jurisdiction as regards support for the wife. She now lives separate and apart from defendant, and will not take him back. Since we are remanding the case, the court should thoroughly explore the question whether plaintiff deserted defendant, or vice versa, or whether the separation is consensual.

III.
We shall now consider defendant's arguments as to the adequacy of the $45 he pays his wife weekly and the excessiveness of the award.
There was no proof whatsoever presented to the trial court as to the needs of the wife and children. This is one of the factors which should be considered by a Juvenile and Domestic Relations Court when fixing the amount of an award. Caravella v. Caravella, above, 36 N.J. Super., at page 453. The husband's property, income and earning capacity is another. The court proceeded on the basis that defendant had at one time paid $75 a week to the wife  *424 this before she objected to the renewal of his liquor license, reported him to the Internal Revenue Bureau, and brought her action for accounting. The record makes clear that the trial judge did not accept the figure of $5,000 as truly reflecting defendant's net annual income, but guessed that he made much more, and this despite the income tax return in the possession of plaintiff's attorney showing the $5,000 figure. There is nothing in the proofs to show that defendant earned or presently could earn more through proper effort. Plaintiff's counsel argues that "the determination of a judge residing in the same community as the appellant and respondent, and familiar with the business activities in that community, is entitled to some weight upon appeal." On the contrary, it is entitled to no weight at all. A judge's private knowledge is no substitute for required proof, no matter how accurate such knowledge might prove to be.
Without specific information concerning the needs of the wife and the children, and defendant's property, present income and earning ability in the immediate future, we cannot gauge whether his voluntary payments of $45 a week are adequate or, on the contrary, represent so small a contribution as to reflect a willful failure to support. Thus, we have no basis for judging whether the award made by the trial court was a proper one.
We note, incidentally, that the support provisions of the order are not at all clear. Although the introductory paragraph mentions that plaintiff desires support for herself and her three children, the ordering part merely directs defendant to pay her $60 a week (and later $75), without specifically stating whether this sum is for the wife and the two children of the marriage or for her and the three children in her custody. Moreover, the order does not allocate how much of the award is for the wife and how much for the children  always a desirable provision.
The matter will therefore have to be remanded for the taking of proofs as to the needs of the family and defendant's means and earning capacity.

*425 IV.
We deal, finally, with the question of whether the trial court could properly have ordered defendant to pay for the support of plaintiff's child by a prior marriage. Defendant contends that the court was without authority to allow support for that child since it was not his, and especially since plaintiff did not ask support for the third child in her complaint. He relies on D v. D, 56 N.J. Super. 357 (App. Div. 1959). Defendant there objected to the determination of the Juvenile and Domestic Relations Court that he was bound to support a child which admittedly was not his. We found the point well taken:
"* * * Granted that the defendant has long stood in loco parentis to the middle child, the continuance of the relationship is a matter which lies within his will. * * *" (at page 361)
But the record, meagre as it is, indicates that defendant intended to stand in loco parentis to the third child. When the court and counsel discussed visitation privileges, all three children were apparently considered. No objection was at any time raised to mention of the third child; indeed, when plaintiff's attorney said that defendant had undertaken its support and claimed the child as an income tax deduction, there was no contention to the contrary. Until defendant disclaims that he no longer stands in loco parentis to the child, he will be responsible for its support. Cf. Paragian v. Paragian, 48 N.J. Super. 207 (J. & D.R. Ct. 1957).
The deficiency in plaintiff's pleading in not mentioning the third child was not prejudicial. Were the challenged order otherwise a valid one, the deficiency could have been cured by conforming the pleading to the order. R.R. 4:15-2. Since the matter is to be remanded, the complaint may be amended prior to further hearing.
The order is reversed and the matter remanded for further proceedings in conformance with this opinion. Pending the scheduling of a new hearing at an early date, defendant will *426 pay plaintiff a lump sum of $50 a week for the support of the family, and will continue to make the mortgage, tax and insurance payments as heretofore, in addition to all utility and maintenance charges in excess of $25 monthly. Defendant will pay plaintiff's attorney a counsel fee of $200 for his services on the appeal to date.