69 N.J. Super. 382 (1961)
174 A.2d 361
DOROTHY TRACEY, PLAINTIFF-RESPONDENT,
v.
DANIEL J. TRACEY, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1961.
Decided October 16, 1961.
*384 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. Morris N. Hartman argued the cause for defendant-appellant.
No appearance for plaintiff-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
Daniel J. Tracey, Jr. appeals from an order of the Juvenile and Domestic Relations Court of Union County dated November 9, 1960 which directs him to continue to comply with a previous order made on January 8, 1960 and to pay the arrearages thereunder. The January order directed, inter alia, that he pay his wife, the plaintiff, Dorothy, $50 weekly for the support of herself and their daughter, Danise, now ten years old. The defendant was to have all services and meals at home and the child was to sleep by herself. He was also to pay the house payments and utilities. The orders contain other provisions not immediately pertinent.
The defendant acted as attorney pro se at the hearings before the trial court and initially on this appeal, but an attorney filed a supplemental brief and appendix and argued the appeal. The plaintiff was represented by counsel at the trial, but she has not appeared or filed any brief on this appeal. Both at the trial and appellate level, the proceeding has been conducted with an unwarranted degree of *385 informality. Rules relating to the preparation of the record have not been observed. Since the appeal involves a review of two separate proceedings, the first of which was not stenographically reported, a statement in lieu of record signed by the trial judge should have been filed. R.R. 1:6-3.
The substantial legal issues involved are: (1) whether there was prejudicial procedural error in the trial court; and (2) whether the Juvenile and Domestic Relations Court has jurisdiction to grant relief to a wife for support, under the claim of desertion, pursuant to N.J.S. 2A:4-18(e), where the plaintiff has constructively deserted the defendant by her refusal to have sexual relations with him.
The parties were married in 1950. Their daughter suffers from hearing and speech impediments requiring therapy and mechanical aid. The parties reside in the same three-bedroom household in Elizabeth, N.J. Plaintiff's mother also resides there and performs household duties for which she is paid by her daughter. The defendant earns about $11,000 per year. The plaintiff is also employed and earns about $4,800 per year. Without detailing the testimony, it is sufficient to state that the parties are unhappily married. Although they live in the same household, they have apparently not been cohabiting as husband and wife for some time. Plaintiff slept with her daughter and later with her mother.
The plaintiff filed an informal complaint on June 19, 1959. Her supporting affidavit, filed on June 22, 1959, recites that her husband violated N.J.S. 2A:4-1 et seq., in that "for the past several years the defendant, whenever the spirit moved him, refused to give her any money." The complaint is not as detailed and specific as it should have been, either as to facts or the specific statutory provision relied upon. R.R. 6:4-1; Hewitt v. Hollahan, 56 N.J. Super. 372, 378 (App. Div. 1959). Nevertheless, by the time of the first hearing, the defendant was sufficiently apprised of the plaintiff's charge. Although he was not, technically, represented by an attorney, he was accompanied *386 by one. He, by then, must have known that the complaint was based upon the provisions of N.J.S. 2A:4-18(e), which empowers the Juvenile and Domestic Relations Court to hear and determine in a summary manner a dispute or complaint, "where a husband or father deserts his wife or child even though they continue to live in the same household, in which case the court may order adequate support of his wife, child or family."
The first hearing was held on January 8, 1960, previously scheduled hearings having been adjourned. The plaintiff was represented by counsel. The defendant was accompanied by John T. Glennon, Esq., a member of the bar. In an affidavit, the latter stated that as a friend of both parties he "was present more in the capacity of `amicus curiae,' rather than as counsel for the defendant, in an endeavor to assist the court in aiding the parties to adjust their domestic differences." He avers, and it is undenied, that no testimony was taken; that the court received merely a verbal summary of the facts and contentions of the respective parties and then directed that the January order previously mentioned be entered.
Defendant is correct in his contention that it was improper to make the January order, in the absence of consent, without the taking of testimony to establish the cause of action. The statements of counsel were not the substitute for testimony in the absence of consent to the entry of the order. Hyman v. Muller, 1 N.J. 124, 129 (1948); Test v. Test, 131 N.J. Eq. 197, 200 (E. & A. 1942).
A further hearing of the case was held on November 9, 1960. How this came about is not clear; but on this occasion, a transcript of the proceeding was made. The plaintiff was represented by an attorney and the defendant appeared pro se. Both parties were sworn and examined. The plaintiff complained that the defendant was not regularly making the $50 weekly payments previously ordered by the court, and she sought an additional allowance for *387 speech therapy for their child. The defendant attempted to show through cross-examination of his wife that she had separated herself from him, and indeed she admitted to a cessation of matrimonial cohabitation, but the court refused to consider this defense. The following excerpts are enlightening:
"THE COURT: * * * The first point that Mr. Tracey makes is that his wife refuses to sleep with him and therefore he should not pay anything for her support. I will dismiss that as not worthy of attention."
At another point:
"THE COURT: * * * Mr. Tracey, do you want your wife to come back and live with you as man and wife? Is that it?
MR. TRACEY: I never wished it any other way, your Honor.

* * * * * * * *
THE COURT: You may question her right to maintenance. I will allow that but as long as you are living in the same house, I don't see how you can expect not to support your wife. You certainly have to support your child. As long as you are living in the same house, how can you not give her any money?

* * * * * * * *
You see, this is not a matrimonial suit. You are still living in the same house. You certainly have to pay for your own room and board and your child's room and board."
At the conclusion of the latter hearing, the court continued the previous order, that defendant pay his wife $50 per week for support, and directed that the arrearages be paid. It denied the wife's application for additional allowance for speech therapy for the child. No appeal was taken therefrom.
We conclude that the pleadings and procedures in the court below did not comport with the highest standards of due process discussed in Hewitt v. Hollahan, supra (56 N.J. Super. 372, 378). However, defendant having surely by the second hearing been apprised of the claim against him and been afforded an opportunity to meet it, we proceed to the merits.
*388 The only important remaining issue is whether evidence tending to show that plaintiff has constructively deserted defendant by refusal of sexual intercourse, may be received by the Juvenile and Domestic Relations Court as a defense to her complaint for support of herself and child under N.J.S. 2A:4-18(e). Is this the forum where such an issue may be litigated and determined?
The common law duty of the husband to support his wife and children is a continuing obligation, Royce v. Royce, 124 N.J. Eq. 469, 471 (E. & A. 1938); it endures throughout the continuance of the marital relation, Hatch v. Hatch, 83 N.J. Eq. 168 (Ch. 1914), including the time during which a suit for divorce between the parties is pending. Irvine v. Irvine, 81 N.J. Eq. 20 (Ch. 1912). Indeed, the jurisdiction of our courts to award maintenance or alimony is purely statutory. Tonti v. Chadwick, 1 N.J. 531, 536 (1949); Peff v. Peff, 2 N.J. 513, 525 (1949). The Juvenile and Domestic Relations Court is designed, in the interest of public policy, to provide a tribunal able expeditiously to assure adequate support for a wife and child to avert the need for their public maintenance. It deals with the financial aspect of the matrimonial relationship where the husband is the deserter. For the litigation of grievances beyond nonsupport by a deserting husband, the parties must resort or be relegated to other courts of competent jurisdiction.
The Juvenile and Domestic Relations Court is a tribunal of statutory origin and its jurisdiction is strictly limited to the subject matter set forth in the statute. State v. Monroe, 30 N.J. 160, 164 (1959); State on Complaint of Bruneel v. Bruneel, 14 N.J. 53, 58 (1953); Amadeo v. Amadeo, 64 N.J. Super. 417, 422 (App. Div. 1960); Mattox v. Mattox, 43 N.J. Super. 111, 115 (App. Div. 1956). Its jurisdiction may not be enlarged by consent of the parties. State on Complaint of Bruneel v. Bruneel, supra. The interpretation given the word "deserts," when applied to a husband under N.J.S. 2A:4-18(e), differs from the meaning *389 of the same word when applied to a husband or wife in divorce law. N.J.S. 2A:34-2; 11 N.J. Practice (Herr, Marriage, Divorce and Separation), § 703, p. 57. A finding of desertion against the husband in a nonsupport proceeding is not determinative of the matter of desertion in a subsequent divorce action. Mattox v. Mattox, supra (43 N.J. Super., at p. 118). Under the nonsupport act, a husband or father is considered to be a "deserter" when he willfully fails to provide food and other necessities of life in accordance with his means. Cahen v. Cahen, 47 N.J. Super. 141, 146 (App. Div. 1957). In a proceeding brought against a husband for support under N.J.S. 2A:4-18, he may defend by showing that he has not deserted his wife and children or that the separation of husband and wife was by mutual consent. Caravella v. Caravella, 36 N.J. Super. 447 (App. Div. 1955); see Amadeo v. Amadeo, supra. In any event, however, he is obliged to provide for his children. Id., 64 N.J. Super., at pp. 422, 423.
In Amadeo v. Amadeo, supra, Judge Goldmann observed that the incompleteness of the record raised the question whether the wife had deserted the husband or whether the separation was consensual. He noted, "Of course, if plaintiff had left her husband without justifiable cause, his failure to support her could not be considered a desertion on his part and jurisdiction would not lie. Likewise, if the parties separated by mutual consent, jurisdiction to award support for the wife would not lie." Amadeo v. Amadeo, supra, at p. 422. The trial court was directed to explore these questions upon the remand. In Kershner v. Kershner, 39 N.J. Super. 604 (Juv. & Dom. Rel. Ct. 1956), the court held that defendant's consent to the support order was considered an admission of the facts establishing the statutory jurisdictional requirements, but there was an implication that the cause of action properly belonged in the Chancery Division. There is a clear assumption in the opinion that desertion by the wife deprives her of the right to seek support from the husband. We conclude, from all *390 the cases cited and the purpose and object of the statute, that this is a correct view of the law.
We therefore conclude that defendant must have the opportunity to submit his defense by plenary proofs. Consequently, the order is reversed and the matter is remanded for rehearing. Pending rehearing, the provisions of the order under review will stand. No costs.