153 N.J. Super. 374 (1977)
379 A.2d 1044
PATRICIA J. SKRIBNER, PLAINTIFF,
v.
JOSEPH E. SKRIBNER, DEFENDANT.
Superior Court of New Jersey, Chancery Division (Matrimonial).
Decided June 27, 1977.
Mr. Paul J. Giblin for plaintiff.
*375 Mr. Sidney B. Kaufman for defendant (Messrs. Cohen & Kaufman, attorneys).
GRIFFIN, J.S.C.
This case presents two issues which apparently have not been squarely met by any reported case in New Jersey. First, should the fact that the wife has children by a prior marriage be considered by the court in fixing the amount of alimony to be paid? Second, what is the extent of a husband's obligation to pay alimony after an extremely short marriage?
Mrs. Skribner was divorced from her first husband in November 1971. She had three children, one of whom has special problems, all of whom live with her in her home. At her first divorce she received $105 a week child support from her first husband but no alimony. She is 40 years of age.
Defendant Skribner is 45 years of age and is paying $380 a month to his first wife as support for his two children.
The parties were married in August 1973 and separated in March 1975. The divorce was granted on the basis of 18 months' separation. There are no children of this marriage.
The husband earns over $39,000 a year teaching dentistry. The wife did not work during her first marriage. She is a graduate in medical technology but has not worked in that field for many years. She did work subsequent to her first divorce and subsequent to her separation from Dr. Skribner. This included selling in a dress shop and doing office work for a construction company where she earned $130 a week. She had also worked as a typist in a doctor's office.
She argues that her child support from her first husband is inadequate, particularly because she has a problem child, and this is a condition which existed at the time of her marriage; therefore, it should be considered by the court in an award to her. Clearly, Dr. Skribner has no obligation to support these children. Amadeo v. Amadeo, 64 N.J. Super. 417 (App. Div. 1960); D. v. D., 56 N.J. Super. 357 *376 (App. Div. 1959); Schneider v. Schneider, 25 N.J. Misc. 180 (Ch. 1947). She should not be permitted to obtain through the back door what she cannot obtain directly. The obligation is that of her first husband.
In a marriage that existed for less than 19 months, what is the obligation of the husband to pay alimony? It is interesting to note that N.J.S.A. 2A:34-23, after providing that the court may order such alimony as is "fit, reasonable and just," goes on to say that the court "shall consider the actual need and ability to pay of the parties and the duration of the marriage." Aside from ability and need, the only statutory test is the duration of the marriage. Many New Jersey cases have included the duration of the marriage among the factors to be considered. See Turi v. Turi, 34 N.J. Super. 313 (App. Div. 1955); Martindell v. Martindell, 21 N.J. 341 (1956), and Painter v. Painter, 65 N.J. 196 (1974). This court feels that because the duration of the marriage is a statutory test in the award of alimony, it should be given substantial weight. As Justice Proctor said in Capodanno v. Capodanno, 58 N.J. 113 (1971):
In dealing with the present case it must be remembered that there is a vast difference between a marriage which has lasted over a quarter of a century where the wife is now well along in years, and a case involving a marriage of short duration where the wife is still young and able to pursue a career. [at 119-120]
There is no serious problem concerning alimony when a short marriage involving young people is litigated. If there is no substantial change in position on the part of the wife because of the marriage, alimony should not be awarded.
In the present case the marriage is short but Mrs. Skribner is 40 years of age. She lost nothing by this marriage. She is still receiving child support from her first husband. She never did receive alimony. Her ability to work was not impaired. She did, for the short duration of the marriage, enjoy a standard of living which she has not known *377 before or since. Does this entitle her to a lifetime annuity? The court feels it does not.
The case of Taylor v. Taylor, 279 So.2d 364 (Fla. Ct. App. 1973), held that the court did not abuse its discretion in denying alimony in a 2 1/2 year marriage, holding:
During this period, the wife and her two children received food, shelter, clothing, medical care and other necessities from appellee. * * * When the marriage was dissolved, appellant was none the worse for the experience and for practical purposes still had everything that she had brought to and contributed toward the brief marriage. [at 367]
In this case no assets were acquired which were subject to equitable distribution. Mrs. Skribner still had her home which Dr. Skribner had moved into and then out of. The mortgage had been paid during the period of the marriage. She lost nothing. Under these circumstances, there will be no alimony.
Mrs. Skribner did incur $1,470 in dental expenses. Dr. Skribner shall pay for this.
In view of the relative economic circumstances of the parties, a counsel fee in the amount of $3,000, including disbursements, shall be paid by Dr. Skribner to Mr. Giblin, attorney for plaintiff.