**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0933-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM PINEIDO-AGUILAR,

     Defendant-Appellant.

_____

Submitted January 8, 2019 – Decided January 30, 2019

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 99-05-0445.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant William Pineido-Aguilar appeals from a July 31, 2017 order denying his post-conviction relief (PCR) petition without an evidentiary hearing. Based on our review of the record in light of the applicable law, we affirm.

I.

In 1999, defendant was charged in Indictment No. 99-05-0445 with three drug offenses, one of which was third-degree possession of a controlled dangerous substance, cocaine, with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a). He was also charged in Indictment No. 99-04-0389 with five offenses, one of which was also third-degree possession of a controlled dangerous substance, cocaine, with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a).[1]

On June 7, 1999, defendant pleaded guilty pursuant to a plea agreement to the two counts of third-degree possession of a controlled dangerous substance, cocaine, with intent to distribute within 1000 feet of school property, N.J.S.A.

---

[1] The record does not allow an identification of the remaining four charges in Indictment No. 99-04-0389. Defendant's plea form, however, reflects that those charges were to be dismissed at sentencing on the charges to which defendant pleaded.

A-0933-17T4

2C:35-7 and N.J.S.A. 2C:35-5(a), charged in the separate indictments. Two months later, the court sentenced defendant to concurrent three-year custodial terms with concurrent one-year periods of parole ineligibility on each of the charges.[2] Defendant did not file a direct appeal.

Seventeen years later, on July 22, 2016, defendant filed a pro se PCR petition claiming his plea counsel was ineffective by failing to inform him about the immigration consequences of his plea under Indictment No. 99-05-0445.[3] More particularly, the petition asserted that defendant's plea counsel was ineffective by failing to: "advise [him] that by accepting the plea he was subject[] to deportation," "inform him of the potential threat of deportation," "inform[] him that . . . accepting the plea agreement . . . would trigger the threat of deportation," "inform him that 'it is [the] policy of Immigration and Custom[s] Enforcement (I.C.E.) to deport any non-citizens who are convicted of . . . felony [offenses],'" "advise that there was a risk of deportation," "fully explain the immigration consequences of the plea," and advise him "that his plea would

---

[2] The record suggests defendant was on juvenile probation at the time of the commission of the offenses. The custodial term imposed by the court was made concurrent to any disposition made on defendant's violation of probation in a Family Part juvenile matter.

[3] Defendant did not seek relief from his conviction under Indictment No. 99-04-0389 in his PCR petition or before the PCR court.

A-0933-17T4

subject him to a 'virtually automatic' deportation." Defendant claimed that as a result of plea counsel's "advice failure," an immigration detainer was placed on him on October 19, 2015, he was taken into custody at some unspecified time and is subject to deportation.

Following the assignment of counsel on his PCR petition, defendant filed a certification again asserting his plea counsel was ineffective. Defendant stated he would not have accepted the plea agreement and pleaded guilty if he had known of the plea's immigration consequences. He also asserted that it was not until he was taken into custody by I.C.E. that he became aware of the immigration consequences of his plea.

In an oral opinion following oral argument on defendant's petition, the PCR judge rejected the State's contention that the petition is time-barred under Rule 3:22-12. On the petition's merits, the judge determined defendant failed to establish a prima facie claim of ineffective assistance of counsel under the standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984). Relying solely on his personal knowledge of plea counsel, the judge said plea counsel was "an experienced criminal defense attorney, having practiced primarily criminal law since the day that [counsel] went into private practice" and that he had "observed [plea counsel] in court." The judge concluded

defendant failed to demonstrate plea counsel's performance was deficient "under the applicable case law" based on a finding "[plea counsel] is more than proficient in representing criminal defendants."

The judge also found defendant failed to show prejudice from his counsel's alleged error. The judge found defendant received a "generous plea offer and . . . faced a lot more time on [the] matter if he were . . . convicted." The judge further observed that defendant completed the plea form, "indicated that he was a citizen" and responded on the plea form to Question 17, which asked if defendant "under[stood] that if [he is] not a citizen of the United States or a national [he] may be deported by virtue of [his] guilty plea" by circling "N/A," meaning "not applicable." The judge found "it hard to believe that [defendant] found out [eighteen] years later . . . that he wasn't a citizen," and concluded defendant presented no support, other than his bald assertion, that he would not have pleaded guilty if he knew the immigration consequences of his plea.

The judge also found defendant failed to establish an entitlement to withdraw his plea under the standard articulated by our Supreme Court in State v. Slater, 198 N.J. 145 (2009). The judge found defendant failed to assert a colorable claim of innocence and did not present "reasons for withdrawal . . .

A-0933-17T4

strong enough" to allow withdrawal of the plea. The court further found defendant's plea was the product of a plea agreement and that withdrawal of the plea would result in unfair prejudice to the State.

The court entered a July 31, 2017 order denying defendant's PCR petition without an evidentiary hearing. This appeal followed.

Defendant presents the following argument for our consideration:

> POINT ONE
>
> MR. PINEIDO-AGUILAR IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR MISINFORMING HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS PLEA AND ON HIS CLAIM THAT HE SHOULD BE ALLOWED TO WITHDRAW HIS PLEA BECAUSE IT WAS NOT KNOWING OR VOLUNTARY.

## II.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee that a defendant in a criminal proceeding has the right to the assistance of counsel in his defense. The right to counsel includes "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland, 466 U.S. at 686).

A-0933-17T4

In Strickland, the Court established a two-part test, later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), to determine whether a defendant has been deprived of the effective assistance of counsel. Strickland, 466 U.S. at 687. Under the first prong of the Strickland standard, a petitioner must show that counsel's performance was deficient. Ibid. It must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness," id. at 688, and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," id. at 687.

Under the second prong of the Strickland standard, a defendant "must show that the deficient performance prejudiced the defense." Ibid. There must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A petitioner must establish both prongs of the Strickland standard to obtain a reversal of the challenged conviction. Id. at 687; Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52. A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Strickland, 466 U.S. at 700.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 415 (2004). The de novo standard of review also applies to mixed

A-0933-17T4

questions of fact and law. Id. at 419-20. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

Defendant argues a reversal is warranted because the judge made findings of fact lacking evidentiary support and relied on his personal knowledge of plea counsel's professional experience and expertise as the basis for finding defendant failed to demonstrate counsel's performance was deficient. The judge's personal knowledge concerning plea counsel was irrelevant, did not constitute competent evidence and should not have been considered, much less relied upon, to make his determinations in this matter. See Wallington Home Owners Ass'n v. Borough of Wallington, 130 N.J. Super. 461, 465 (App. Div.) ("A judge's private knowledge is entitled to no weight at all."), aff'd o.b., 66 N.J. 30 (1974); Amadeo v. Amadeo, 64 N.J. Super. 417, 424 (App. Div. 1960) (finding "[a] judge's private knowledge is no substitute for required proof" and "is entitled to no weight" in making factual determinations). Moreover, we agree there is no support in the record for the court's finding defendant said he was a citizen during his plea proceeding. The record shows defendant never made such a statement.

The court's errors, however, do not require reversal of the challenged order.  We conduct a de novo review of the record, <u>Harris</u>, 181 N.J. at 421, without regard to the judge's personal knowledge concerning plea counsel and determine the validity of the court's order, not its reasoning, <u>see</u> <u>Do-Wop Corp. v. City of Rahway</u>, 168 N.J. 191, 199 (2001) (explaining "appeals are taken from orders and judgments and not from . . . reasons given for the ultimate conclusion").  Our de novo review reveals that defendant failed to sustain his burden of establishing a prima facie claim of ineffective assistance of counsel under the <u>Strickland</u> standard.

"Although a demonstration of prejudice constitutes the second part of the <u>Strickland</u> analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced . . . and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012) (citations omitted).  In the context of a PCR petition challenging a guilty plea based on ineffective assistance of counsel, the second prong is established when the defendant demonstrates a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." <u>State v. Nuñez-Valdéz</u>, 200 N.J. 129, 139 (2009) (alteration in original) (quoting

State v. DiFrisco, 137 N.J. 434, 457 (1994)).  A defendant must further show "it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so."  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

In his pro se petition and subsequent certification, defendant repeatedly states he would not have pleaded guilty and would have proceeded to trial if he had been aware of the immigration consequences of his plea.  Those bald assertions are insufficient to satisfy defendant's burden under Strickland's second prong because they are untethered to any claim or showing it would have been rational for him to reject the plea agreement and proceed to trial.  See Padilla, 559 U.S. at 372 (2010).  Defendant's petition, certification and briefs simply do not address the issue.

In addition, the record shows defendant received an advantageous plea agreement and otherwise provides no basis to conclude it would have been rational for defendant to reject the plea offer and proceed to trial.  Defendant was confronted with eight separate criminal charges in two indictments and faced the prospect of consecutive sentences if he was convicted of offenses under both indictments.  See generally N.J.S.A. 2C:44-5(a) (authorizing

imposition of consecutive sentences where "multiple sentences of imprisonment are imposed"); State v. Yarbough, 100 N.J. 627, 644 (1985) (explaining that the considerations determining the appropriateness of a consecutive sentence include whether "the crimes and their objectives were predominantly independent of each other," "the crimes were committed at different times or separate places," and "the convictions for which the sentences are to be imposed are numerous").

Defendant faced up to five years of imprisonment on each of the two third-degree offenses to which he pleaded guilty, see N.J.S.A. 2C:43-6(a)(3), and thus was exposed to consecutive sentences totaling ten years on those charges alone and up to a five-year period of parole ineligibility, see N.J.S.A. 2C:43-6(b).[4] However, defendant's plea agreement limited his custodial exposure on those charges to three years with a one-year parole ineligibility period, and the court sentenced defendant in accordance with the agreement. In any event, defendant failed to present any evidence or make any showing that, had he been informed of the immigration consequences of his plea, it would have been rational to reject

---

[4] It is not possible to determine defendant's sentencing exposure on the four charges under Indictment No. 99-04-0389 that were dismissed under the plea agreement. As noted, the record does not identify those charges.

A-0933-17T4

the plea offer and proceed to trial and he probably would have done so. Maldon, 422 N.J. Super. at 486.

Defendant's failure to sustain his burden under the second prong of the Strickland standard requires the denial of his PCR petition. Strickland, 466 U.S. at 700. Because defendant failed to satisfy his burden of establishing prejudice under the second prong of the Strickland standard, we are satisfied that the court correctly denied defendant's PCR petition. We therefore do not need to address defendant's claim that his plea counsel's performance was deficient by failing to inform him about the immigration consequences of his plea. See Nash, 212 N.J. at 543-44 (finding that defendant's failure to establish one prong of the Strickland standard renders it unnecessary to consider the other prong).

We reject defendant's claim that the court erred by denying his request for an evidentiary hearing.[5] A PCR court should grant an evidentiary hearing if a defendant establishes a prima facie claim in support of PCR. State v. Preciose, 129 N.J. 451, 462-63 (1992). As noted, however, defendant failed to establish a prima facie ineffective assistance of counsel claim because he did not

_____

[5] Because we affirm the court's order denying defendant's PCR petition and request for an evidentiary hearing on the merits, it is unnecessary to address the State's contention that the court erred by finding the petition was timely filed under Rule 3:22-12(a)(1).

12

demonstrate prejudice under the second prong of the Strickland standard, Strickland, 466 U.S. at 700, and therefore no evidentiary hearing was required, see State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) ("To obtain an evidentiary hearing on a PCR petition, a defendant must establish a prima facie case for relief, material issues of disputed fact, and show that an evidentiary hearing is necessary to resolve the claims.").

Defendant also claims that the court erred by finding he was not entitled to withdraw his plea. We analyze defendant's request to withdraw his guilty plea differently than his petition for PCR. "The two requests for relief are distinct, and governed by different rules of court. Compare R. 3:21-1 (motion to withdraw plea), with R. 3:22 (PCR). They must be considered separately." O'Donnell, 435 N.J. Super. at 368.

"A motion to withdraw a plea of guilty or non vult shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." R. 3:21-1; see also Slater, 198 N.J. at 156 (explaining that a defendant seeking to withdraw a plea following sentencing "must show [his or her] conviction was manifestly unjust"). A defendant's burden of proof in a motion to withdraw a guilty plea increases the longer the delay in bringing the motion because "the court weighs more heavily the State's interest in finality

and applies a more stringent standard." O'Donnell, 435 N.J. Super. at 370 (quoting State v. Norman, 405 N.J. Super. 149, 160 (App. Div. 2009)). "[T]he trial court's denial of defendant's request to withdraw his guilty plea will be reversed on appeal only if there was an abuse of discretion which renders the lower court's decision clearly erroneous." Id. at 372 (quoting State v. Simon, 161 N.J. 416, 444 (1999)).

"Consideration of a plea withdrawal request can and should begin with proof that before accepting the plea, the trial court followed the dictates of Rule 3:9-2." Slater, 198 N.J. at 155. The Rule requires the court to determine if "there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea." Ibid. (quoting R. 3:9-2). The analysis of a plea withdrawal application, however, "cannot end there." Ibid. "To evaluate a plea withdrawal motion thoroughly and properly, other pertinent issues must be considered in the context of the specific facts of a case" and "the competing interests of the State and the defendant." Ibid.

Defendant claims his 1999 plea violated Rule 3:9-2 because his attorney's failure to advise him about the immigration consequences of his plea deprived

him of the "understanding of the . . . consequences of the plea" required by the Rule. At the time defendant pleaded guilty in 1999, the law required only that a defendant be informed of the penal consequences of a plea agreement, and immigration consequences of a plea were considered "collateral" and not penal consequences of a plea. In State v. Garcia, a case decided two months before defendant's 1999 plea, we explained that the "law remains unchanged" that "[j]udges need not advise defendants of any collateral consequences that may ensue from a guilty plea," including deportation consequences. 320 N.J. Super. 332, 337 (App. Div. 1999); see also State v. Heitzman, 107 N.J. 603, 604 (1987) (holding that a "defendant need be informed only of the penal consequences of his plea and not the collateral consequences, such as . . . effect on immigration status"). Thus, the alleged failure to inform defendant of the immigration consequences of his plea did not render his plea involuntary under Rule 3:9-2 based on the law applicable when defendant pleaded in 1999. See Garcia, 320 N.J. Super. at 337; State v. Reid, 148 N.J. Super. 263 (App. Div. 1977) (vacating an order granting defendant's petition to withdraw a guilty plea based on his lack of understanding of its immigration consequences); see also Chaidez v. United States, 568 U.S. 342, 347 (2013) (finding the holding in Padilla, 559 U.S. at 367, that counsel have an affirmative duty to address the immigration consequences

15

of a criminal proceeding with a defendant, does not apply retroactively); Gaitan, 209 N.J. at 373 (same).

Although defendant's PCR petition, certification and brief before the trial court include the conclusory assertion that his plea counsel provided misadvice concerning the immigration consequences of his plea, he failed to provide any facts establishing that his plea counsel actually provided misadvice, including during the review and completion of the plea form. To the contrary, defendant's petition and certification include only the repeated assertion that plea counsel failed to inform defendant about the immigration consequences of his plea. We therefore do not consider defendant's contention, made for the first time in his appellate brief, that the "not applicable" response to Question 17 on the plea form demonstrates his plea counsel misinformed him about the immigration consequences. The claim was not made before the motion court. See State v. Robinson, 200 N.J. 1, 20 (2009) (explaining "appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions . . . raised on appeal go to . . . jurisdiction . . . or concern matters of great public interest" (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))). Moreover, defendant does not mention or explain the completion of the form or his response

16

to Question 17 in his petition or certification, and the assertions of counsel do not constitute competent evidence demonstrating that plea counsel provided misadvice. See Baldyga v. Oldman, 261 N.J. Super. 259, 265 (App. Div. 1993) ("The comments following [Rule 1:6-6] illustrate that its purpose is to . . . eliminate the presentation of facts which are not of record by unsworn statements of counsel made in briefs and oral arguments.").

We are unpersuaded by defendant's contention that the court abused its discretion in denying his request to withdraw his plea. The judge assessed defendant's request under the four factors the Court in Slater determined must be considered when deciding a motion to withdraw a plea: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 157-58.

The record supports the court's finding of the first Slater factor. Defendant failed to assert a colorable claim of innocence; defendant does not claim innocence at all. Similarly, under the second Slater factor, defendant failed to present "fair and just reasons for withdrawal" which "have any force." Id. at 159. He claims only that his counsel did not inform him of the immigration

consequences of his plea, but his counsel had no duty to inform him about the immigration consequences when defendant pleaded in 1999.

Also, where, as here, a defendant alleges that acceptance of a plea bargain was based on a lack of information, the court should "consider[] whether the defendant reasonably would have made a different choice had the State conveyed the missing . . . information." State v. O'Driscoll, 215 N.J. 461, 477 (2013). However, other than his bald assertion that he would not have pleaded guilty if he had been aware of the immigration consequences, defendant does not provide any facts showing it would have been reasonable for him to do so. See, e.g., State v. Johnson, 182 N.J. 232, 244 (2005) ("[D]efendant must demonstrate how the omission of information about NERA materially affected his decision to plead guilty.").

The third factor, "whether defendant's plea was part of a plea agreement," is "viewed in light of the other three factors." State v. Munroe, 210 N.J. 429, 447 (2012). Because "the vast majority of criminal cases are resolved through plea bargains," this factor is given less weight than the other factors. Slater, 198 N.J. at 161. This factor, however, also weighed against defendant's request to withdraw his guilty plea.

18

The fourth <u>Slater</u> factor requires that the court determine "whether the State would have suffered unfair prejudice or defendant would have gained an unfair advantage had the trial court granted withdrawal of the plea." <u>Munroe</u>, 210 N.J. at 447. The State bears the burden of establishing it will suffer unfair prejudice only if defendant has offered sufficient proof of the other factors supporting withdrawal. <u>See</u> <u>Slater</u>, 198 N.J. at 162. Here, defendant fails to present any proof supporting his withdrawal request under <u>Slater</u>'s first three facts and therefore the "State is not required to show prejudice." <u>Ibid.</u>

In sum, each of the <u>Slater</u> factors weighs against the granting of defendant's request to withdraw his guilty plea. We find no basis to conclude that denial of the motion resulted a manifest injustice, <u>R.</u> 3:21-1, or that the court abused its discretion by rejecting defendant's withdrawal request.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

19                                                        A-0933-17T4